**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Len Cardin, | No. CV-12-08251-PCT-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Wilmington Finance, Inc., et al., | |
| Defendants. | |

Pro se Plaintiff Len Cardin filed a complaint alleging various causes of action against Defendants relating to the alleged foreclosure and trustee sale of property located at 2225 East Lockett Road, Flagstaff, Arizona 86004. Doc. 1-1 at 4. Defendants Wilmington Finance, Inc., Wells Fargo Bank, N.A., and Mortgage Electronic Registration System ("MERS") removed the action to federal court (Doc. 1) and have filed a motion to dismiss (Doc. 8). In response, Plaintiff appears to have filed the report of a forensic loan auditing firm. Doc. 10. Defendants filed a reply. Doc. 11. For the reasons that follow, the Court will grant Defendants' motion to dismiss.

**I.      Background.**

In the summer of 2007, Plaintiff Len Cardin borrowed $280,000 from Wilmington secured by a Deed of Trust ("DOT") that Plaintiff executed on property located at 2225 East Lockett Road, Flagstaff, Arizona 86004. Doc. 8 at 2. The DOT contained a provision in which Plaintiff consented to a non-judicial foreclosure on the property if he defaulted on the loan. *Id.* It also contained language anticipating that the loan could be sold multiple times without notice to Plaintiff. *Id.*

On or about June 23, 2009, Ronald M. Horwitz, who had been appointed successor trustee, executed a Notice of Trustee's Sale (which was later cancelled). Doc. 8 at 3.   Plaintiff does not appear to contest that he is in default, but he brought the current cause of action contesting various ways in which the DOT and Note were transferred and assigned.  Doc. 1-1 at 4-39.

## II.   Legal Standard.

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party.  *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009).   Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009), and they are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010).   To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court must construe the complaint liberally since Plaintiff is proceeding pro se. *See  Hughes v. Rowe*, 449 U.S. 5, 9 (1980).

## III.   Analysis.

### 1.   Failure to Respond.

In their motion, Defendants present several detailed arguments as to how they believe each of Plaintiff's claims fails to state a claim for relief.  Doc. 8.  Plaintiff's response is a photocopy of a forensic loan audit.  Doc. 10.  Local Rule of Civil Procedure 7.2(i) states that "if the unrepresented party or counsel does not serve and file the required answering memoranda . . . such non-compliance may be deemed a consent to the denial or granting of the motion and the Court may dispose of the motion summarily." Here, Plaintiff did nothing more than file an exhibit without comment.  The exhibit does not provide the Court with any additional legal arguments or reasons to deny the motion to dismiss.  When ruling on a motion to dismiss "the Court [is] not obligated to search for legal theories not clearly laid on in Plaintiff's response to the motion or his amended

1    complaint.  *Mansour v. Cal-Western Reconveyance Corp.*, No. CV-09-37-PHX-DGC,

2    2009 WL 2132695 at *3 (D. Ariz. Jul. 15, 2009).  Accordingly, Plaintiff's failure to

3    respond provides sufficient reason for the Court to grant Defendants' motion to dismiss.

4    In light of Plaintiff's status as a pro se litigant, however, the Court will consider the

5    merits of Defendants' motion despite the fact that Plaintiff's response has provided no

6    additional argument.

7         **2.    Merits of the Complaint.**

8         Plaintiff's first cause of action is for "lack of standing" to execute a trustee sale.

9    Doc. 1-1 at 17.  He claims that Defendants cannot foreclose either because they do not

10   hold the note or because there were improprieties in the assignment of the note.  *Id.*

11   Plaintiff's arguments appear to be premised on the theory that in order to foreclose a

12   party must show possession of the original note and on the theory that Defendant MERS

13   does not have the authority to assign a deed of trust.

14        Defendants cite federal and Arizona case law rejecting the theory that custody of

15   the note is necessary for nonjudicial foreclosure.  *Hogan v. Wash. Mut. Bank, N.A.*, 277

16   P.3d 781, 783 (Ariz. 2012); *Ruelas v. Sun Am. Mortg. Co.*, No. CV 12-01160-PHX-

17   NVW, 2012 WL 3277175 (D. Ariz. Aug. 9, 2012).  Plaintiffs fail to show how their

18   claims regarding the inseparability of the note and DOT and MERS's lack of capacity to

19   assign a note are distinct from cases that have rejected those theories.  *See Silving v.*

20   *Wells Fargo Bank, N.A.*, 800 F. Supp. 2d 1055 (D. Ariz. Jul. 7, 2011); *Blau v. Am.'s*

21   *Servicing Co.*, No. CV-08-773-PHX-MHM, 2009 WL 3174823 (D. Ariz. Sept. 29, 2009).

22   Accordingly, the Court finds that the first claim must be dismissed.

23        Plaintiff's second claim alleges fraudulent concealment.  Doc. 1-1 at 21-22.  He

24   claims that Defendants concealed the fact that the note could be transferred into a pool

25   with other notes.  In Arizona, fraudulent concealment claims are subject to a three-year

26   statute of limitations under A.R.S. § 12-543(3).  The last date of any transfer of the note

27   was July 24, 2009, more than three years before this suit was filed.  Doc. 8 at 7.

28   Accordingly, the claim is barred by the statute of limitations.

Plaintiff's third claim alleges that Defendants misrepresented that they "were entitled to exercise the power of sale provision contained in the Deed of Trust" and "misrepresented that they are the 'holder and owner' of the note and the beneficiary of the Deed of Trust." Doc. 1-1 at 22-24. Plaintiff's basis for asserting that Defendants do not have power to do these things is another version of the show-me-the-note theory that has been widely rejected. Additionally, a claim for fraud in the inducement must meet the heightened pleading standards of Rule 9(b), and Plaintiff has not detailed the specific statements upon which he relied. This claim must also be dismissed.

The fourth claim asserts intentional infliction of emotional distress. Doc. 1-1 at 24-26. Plaintiff claims that he was emotionally harmed by a wrongful attempt to foreclose on the property. *Id*. In Arizona, intentional infliction of emotional distress requires an allegation of "extreme and outrageous conduct," *Watts v. Golden Age Nursing Home*, 619 P.2d 1032. 1035 (1980), and "it is for the court to determine, in the first instance, whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery, or whether it is necessarily so." *Lucchesi v. Frederic N. Stimmell, M.D., Ltd.*, 716 P.2d 1013, 1016 (1986) (quoting Restatement (Second) of Torts § 46 (1965)). The conduct alleged in this case does not satisfy this standard.

Plaintiff's fifth cause of action asserts slander based on the publication of documents like the notice of default and the notice of the trustee's sale. Doc. 1-1 at 26-28. Plaintiff cannot allege a statutory claim for slander under A.R.S. § 33-420 because a Notice of Trustee's sale is not covered by the statute. Nor can he state a claim for common law slander because he has not adequately alleged that any of the information in the postings was false.

The sixth cause of action is to quiet title. Doc. 1-1 at 27-28. It is well established in Arizona that "a plaintiff cannot bring a quiet title action unless she has paid off her mortgage in full." *Bergdale v. Countrywide Bank FSB,* No. CV 12–8057, 2012 WL 4120482, at *6 (D. Ariz. Sept.18, 2012) (citing *Farrell v. West,* 57 Ariz. 490, 491, 114 P.2d 910, 911 (Ariz. 1941)) ("[I]f it appears there is an unsatisfied balance due a

defendant-mortgagee, or his assignee, the court will not quiet the title until and unless [the plaintiff-mortgagor] pays off such mortgage lien."); *Eason v. Indymac Bank, FSB,* No. CV 09–1423, 2010 WL 1962309, at *2 (D. Ariz. May 14, 2010) (action to "[q]uiet title is not a remedy available to the trustor until the debt is paid or tendered."); *Frazer v. Millennium Bank,* No. CV 10–01509, 2010 WL 4579799, at *4 (D. Ariz. Oct.29, 2010) (same).  Plaintiff has not alleged that he has paid the amounts due under the loan; therefore, the Court will dismiss this claim.

Plaintiff's seventh claim is for "declaratory relief" and appears to re-plead the quiet title claim.  Doc. 1-1 at 28-29.  As there is no independent cause of action for "declaratory relief," and the Court has already ruled with regard to quiet title, this claim must also be dismissed.

Plaintiff's eighth claim alleges a violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601, et. seq. Doc. 1-1 at 29-30.  The one-year statute of limitations found at 15 U.S.C. § 1640(e) applies to violations of TILA.  The limitations period begins at the consummation of the transaction.  *King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Plaintiff's loan closed in the summer of 2007, and this case is therefore time-barred.  Plaintiff claims that time limit should be tolled, but his argument is not supported by any legal theory or case law.  Additionally, Plaintiff does not plead a specific or clear violation of the terms of TILA.

Similarly, Plaintiff's ninth cause of action, alleging violation of the Real Estate Settlement Procedures Act ("RESPA"), 1 U.S.C. § 2601 *et. seq*., is barred by the relevant statute of limitations.  Doc. 1-1 at 30-31.  RESPA violations under § 2605 are subject to a three-year statute of limitations and violations under § 2607 or § 2608 are subject to a one-year statute of limitations.  Both statutes begin to run when the violation occurs, which in this case was when the loan closed.  Under either time period, the statute of limitations had run before Plaintiff initiated the present suit.

Finally, Plaintiff alleges a tenth cause of action for rescission.  Doc. 1-1 at 31-32.  This cause of action is predicated on the merits of several of the other claims that have

already been addressed. There is also an additional argument that the public interest demands rescission. Plaintiff provides no support for this claim and the Court does not agree with his bald assertion. The cause of action for rescission will be dismissed.

**IV.     Leave to Amend.**

The Court has considered whether Plaintiff should be granted leave to amend, but concludes that any amendment would be futile. Plaintiff's claims fail because they are contrary to well established law (rejecting the show-me-the-note theory), are barred by the relevant statute of limitations (fraudulent concealment, TILA, RESPA), cannot satisfy the high threshold under Arizona law (intentional infliction of emotional distress), or cannot be asserted when Plaintiff is in fact in default on his loan (slander and quiet title). Because these legal obstacles cannot be overcome through re-pleading, the Court will dismiss Plaintiff's claims without leave to amend.

**IT IS ORDERED:**

1.      Defendants' motion to dismiss (Doc. 8) is **granted.**

2.      Defendants' motion for summary disposition (Doc. 9) is found to be **moot**.

3.      This case is **dismissed with prejudice.** The Clerk is directed to enter judgment accordingly.

Dated this 18th day of March, 2013.

David G. Campbell
United States District Judge